UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal NO.: 02-104 DSD/JMM

United States of America,

Plaintiff,

v.

Robert L. Janecek,

Defendant.

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**

The Defendant, Robert L. Janecek, by and through his attorney, Frederic Bruno, submits this supplemental memorandum in support of his Motion to Vacate, Set Aside or Correct his sentence in light of *Booker/Fanfan*.

## BACKGROUND

A jury trial commenced on October 7, 2002, before the Honorable David S. Doty, United States District Court Judge for the District of Minnesota. On October 25, 2002, the defendant was found guilty of all counts of the indictment. Motions for judgment of acquittal were denied. The defendant appeared before the court for sentencing on February 21, 2003. Over the objection of the defendant, the court imposed sentencing enhancements. The defendant was sentenced to 51 months in prison and ordered to pay restitution in the amount of $305,869.64. He is scheduled for release in October 2005.

On October 5, 2004, the defendant filed a Motion to Vacate, Set Aside or Correct his sentence under 28 U.S.C. § 2255. At the same time, the United States Supreme Court was

preparing to hear arguments on *Booker/Fanfan* to determine whether the holding in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004) was applicable to the sentencing guidelines. On January 12, 2005, the Supreme Court ruled that the federal sentencing guidelines were not constitutional, but rather could only be viewed as advisory. In light of the Supreme Court's decision, the defendant contends that the sentencing enhancements were applied unlawfully and therefore his Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. § 2255 should be granted.

## ARGUMENT

In its long-awaited decision in *United States v. Booker*, ____ U.S. ____, 125 S. Ct. 738 (2005), the United States Supreme Court found that its holding in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), apply to the United States Sentencing Guidelines. *Booker*,___ U.S. at ____, 125 S. Ct. at 756. Hence, the imposition of sentencing enhancements under the Federal Sentencing Guidelines scheme violates the Sixth Amendment if said enhancements are based on the sentencing court's finding of fact rather than a finding by the jury or admitted by the defendant. *Id*.

### I. *Blakely* and *Booker* are an extension of *Apprendi*, which had been decided prior to the defendant's sentencing and should be viewed as the governing doctrine in this case.

The Supreme Court's decision in *Booker* reaffirms its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Booker*, ___ U.S. at ___, 125 S. Ct. at 756. *Apprendi* announced that under the Sixth Amendment, all facts used to increase a defendant's sentence beyond the statutory maximum must be charged and proven to a jury. *Apprendi*, 530 U.S. at 2362-63. The defendant

was convicted in October 2002, post *Apprendi* and before *Blakely* and *Booker*. His sentence was based on enhancements that were not charged in the indictment, that were not proven beyond a reasonable doubt, and to which he did not admit: conditions that *Blakely* and *Booker* hold to be in violation of the Sixth Amendment. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756. The defendant preserved all *Apprendi* issues at both the trial and appellate stages by objecting to the enhancements. Accordingly, the rule set forth in *Apprendi* prior to the defendant's sentencing encompasses the principles that should have been applied and are indeed applicable to the this case. If *Blakely* and *Booker* are merely extensions of *Apprendi*, as the Supreme Court has stated, then *Apprendi* was the governing law at the time of the defendant's sentencing. Accordingly, since his sentence violates the Sixth Amendment, the defendant's § 2255 Motion should be granted.

**II. *Blakely* and *Booker* should be applied retroactively to cases on collateral review.**

At the time of the defendant's sentencing, he objected to the proposed enhancements. The defendant subsequently appealed the sentence that was imposed. Hence, the issue of sentencing has been preserved from the beginning. Further, in her dissenting opinion in *Blakely*, Justice O'Connor's states that despite the Court's holding in *Schriro v. Summerlin*, 124 S. Ct. 2519, 2522 (2004), "all criminal sentences imposed under federal and state guidelines since *Apprendi* was decided in 2000 arguably remain open to collateral attack." *Blakely*, 124 S. Ct. at 2549 (O'Connor, J., dissenting).

The Supreme Court refrained from deciding whether the rule announced in *Blakely* and *Booker* may be applied retroactively to cases on collateral review. The only discussion of retroactivity referred to cases on direct review. *Booker* ___ U.S. at ___, 125 S. Ct. at 769 (stating

that today's holdings concerning Sixth Amendment and interpretation of Sentencing Act must be applied to all cases on direct review) (citations omitted). Consequently, while the Supreme Court has not ruled that *Blakely* and *Booker* are retroactive to cases on collateral review, it has not precluded it from being applied retroactively either.

To be clear, the rule announced in *Booker* reaffirms the holding in *Apprendi*: "Any act (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, ___ U.S. at ___, 125 S. Ct. at 756. In ascertaining whether the rule applies retroactively, it must first be determined whether *Blakely* and *Booker* announce a "new" rule. Generally, "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government" or where the new rule "was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (citations omitted). It seems apparent, that while the rule announced in *Booker* reaffirms *Apprendi*, it was not "dictated" by *Apprendi* but rather by *Blakely*. In this case, the defendant was convicted in October 2002, post *Apprendi* but before *Blakely*. Therefore, for the purposes of this case, it appears that *Booker* does constitute a new rule.

When it is determined that a "new" rule has been announced, the next step is to determine whether the new rule is "substantive" or "procedural." *Schriro*, 124 S. Ct. at 2522. Rules that "narrow the scope of a criminal statute" or "place particular conduct or person covered by the statute beyond the State's power to punish" are substantive, whereas rules that regulate only the manner of determining the defendant's culpability are procedural. *Id*. at 2522-23 (2004) (citations omitted). While new substantive rules are generally retroactive, new procedural rules

are generally not. *Id*. The distinction being that new substantive rules "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" and procedural rules "merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id*. Since new procedural rules maintain only a "speculative connection to innocence" they are not applied retroactively unless they are part of the "small set of 'watershed rules of criminal procedure' implicating fairness and accuracy of the criminal proceeding." *Id*. at 2523 (citations omitted). More precisely, the new procedural rule must be one "without which the likelihood of an accurate conviction is seriously diminished." *Id*. (citations omitted).

There appears to be a general consensus that the rule set forth in *Blakely* and *Booker* is procedural. *E.g. United States v. Stoltz*, 325 F. Supp. 2d 982, 987 (D. Minn. 2004); *McReynolds v. United States*, ___ F.3d ___, WL 237642 (7th Cir. 2005); *Varela v. United States*, ___ F.3d ___, WL 367095 (11th Cir. 2005). Consequently, it would be easy to conclude that *Blakely* and *Booker* may not be applied retroactively. The analysis, however, should not end there. *Blakely* and *Booker* can be distinguished from cases like *Schriro* and its progeny and therefore should be treated differently. *Schriro* considered the fact-finding abilities of judges versus those of juries. *Id*. at 2524-26. The Court held that based on its analysis concerning new rules of constitutional law, *Ring v. Arizona*, 536 U.S. 584 (2002), which held that the Sixth Amendment is violated when a sentencing judge, sitting without a jury, makes findings regarding whether aggravating factors are present for purposes of imposing the death penalty, did not announce a watershed rule of criminal procedure, and thus *Ring* did not apply retroactively to death penalty cases already final on direct review. *Id*. at 2526. The Court decided so, concluding that the risk that judicial fact finding would be so erroneous as to create an injustice was insignificant. *Id*. at 2525-26.

Unlike *Blakely* and *Booker*, however, *Schriro* did not reach the conclusion that facts used to enhance a sentence, other than convictions or those admitted by the defendant, must be proven to a jury *beyond a reasonable doubt*. (*Booker*, ___ U.S. at ___, 125 S. Ct. at 756) (emphasis added). The requirement of the proof beyond a reasonable doubt standard is significant because the Supreme Court has recognized that fact-finding accuracy and society's confidence in the result can be gravely effected by the standard of proof applied. *In re Winship*, 397 U.S. 358, 363-64 (1970) (stating that "the reasonable-doubt standard plays a vital role in the American scheme of criminal procedure," reducing the risk of convictions based on erroneous facts); *Hankerson v. North Carolina*, 432 U.S. 233 (1977) (holding that rule requiring proof beyond a reasonable doubt for all elements of a crime should be applied retroactively).[1]

Therefore, the rule announced in *Blakely* and *Booker* can be distinguished from *Schriro* and should be considered part of the "small set of 'watershed rules of criminal procedure' implicating fairness and accuracy of the criminal proceeding." *Schriro*, 124 S. Ct. at 2523 (citations omitted). Under this analysis, *Blakely* and *Booker* can be applied retroactively to cases on collateral review.

## CONCLUSION

The defendant's release from prison is scheduled for October 2005. In the meantime, however, he is serving a sentence based on enhancements imposed, the factual bases of which were not admitted by the defendant nor found by a jury to be proven beyond a reasonable doubt.

---

[1] The defendant acknowledges that *Hankerson* was decided prior to *Teague* and its method for analyzing whether a new rule should be applied retroactively. That fact, however, does not diminish the importance that the Supreme Court places on the proof beyond a reasonable doubt standard.

The defense acknowledges that this Court addressed the issue of retroactively applying the holding in *Blakely* to matters on collateral review. *United States v. Stoltz*, 325 F. Supp. 2d 982 (D. Minn. 2004). In *Stoltz*, this Court ruled that *Blakely* does not apply retroactively, and "[t]herefore the defendant's motion for relief pursuant to § 2255 cannot be grounded on that basis." *Id*. at 987. Despite its previous ruling, the defendant again invites the Court to reconsider its position given the Supreme Court's recent decision in *Booker*, holding that the imposition of sentencing enhancements under the Federal Sentencing Guidelines scheme violates the Sixth Amendment if said enhancements are based on the sentencing court's finding of fact rather than a finding by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756.

Accordingly, based on the foregoing analysis, there has been a denial or infringement of the defendant's constitutional rights as to render the judgment vulnerable to collateral attack, and therefore the defendant's Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. § 2255 should be granted.

Respectfully submitted,

Dated: February 23, 2005

FREDERIC BRUNO & ASSOCIATES

s/Frederic Bruno
Frederic Bruno, # 123213
Attorney for Defendant
5500 Wayzata Boulevard, Suite 1450
Minneapolis, MN 55416
(763) 545-7900