UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-104(DSD/SRN)
Civil No. 04-3836(DSD)

United States of America,

Plaintiff,

v.

**ORDER**

Robert L. Janecek,

Defendant.

This matter is before the court upon defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motion is denied.

**BACKGROUND**

On October 25, 2002, a jury convicted defendant Robert L. Janecek of twenty-one counts of mail fraud, four counts of tax evasion, three counts of willful failure to file tax returns and one count of willful filing of a false tax return. On February 21, 2003, this court sentenced defendant, applying an eight-level enhancement for a loss amount exceeding $300,000, a two-level enhancement for a scheme involving more than minimal planning, a two-level enhancement for a scheme that employed sophisticated means, a two-level enhancement for defendant's abuse of a position of trust and a two-level enhancement for obstruction of justice.

This court sentenced defendant to 51 months imprisonment. Defendant appealed his conviction to the United States Court of Appeals for the Eighth Circuit, and that court affirmed. United States v. Janecek, 86 Fed. Appx. 215 (8th Cir. 2003) (per curiam). Defendant now moves to vacate, set aside or correct the court's sentence.

**DISCUSSION**

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Collateral relief is considered an extraordinary remedy. See Bousley v. United States, 523 U.S. 614, 621 (1998).

Defendant claims that the decisions of the Supreme Court of the United States in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), render his sentence subject to collateral attack. In Blakely, the Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In Blakely, the Court held that the relevant "statutory maximum" is that which a judge may legally impose "solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Id. at 2537 (citing Ring v. Arizona, 536 U.S. 584, 602 (2002)). The Court held that the State of Washington's sentencing scheme, which allowed imposition of a sentence above the range specified by guidelines on the basis of facts found by a judge, violated the Sixth Amendment right to trial by jury. See id. at 2538. The Court then confirmed that its holding in Blakely applies to the Federal Sentencing Guidelines. See Booker, 125 S. Ct. 738.

Defendant argues that he "preserved all Apprendi issues at both the trial and appellate stages by objecting to the enhancements." (Def.'s Supplemental Mem. Supp. 2255 Mot. at 3.) However, he did not challenge the enhancements on Apprendi grounds. Therefore, defendant's Blakely and Booker arguments must fail unless the rule set forth in those cases apply retroactively to matters on collateral review. New constitutional rules of criminal procedure are generally not applicable to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522-23 (2004). Only "watershed" procedural rules are given retroactive effect so as to apply to convictions and sentences that have become final. See id. at 2523. A watershed procedural rule is one "without which the likelihood of an accurate conviction is seriously diminished." Teague v. Lane, 489 U.S. 288, 313 (1989).

In Summerlin, the Court considered whether the rule announced in Ring applied retroactively. See Summerlin, 124 S. Ct. at 2526. Like Blakely, Ring applied Apprendi to a state's sentencing procedures. See Ring, 536 U.S. at 603-09. In Ring, the Court concluded that where Arizona law permitted the death penalty given certain aggravating factors, such factors must be found by a jury, not a judge. See id. at 609. The United States Court of Appeals for the Ninth Circuit later applied Ring retroactively. See Summerlin v. Stewart, 341 F.3d 1082, 1121 (9th Cir. 2003). The circuit court concluded that Ring had announced a substantive, rather than a procedural, rule or, alternatively, a watershed procedural rule. See id. at 1108, 1120.

On review, the Supreme Court disagreed, holding that Ring was not a substantive rule because it did not alter the range of conduct subject to Arizona's death penalty. See Summerlin, 124 S. Ct. at 2523. It further held that Ring was not a watershed rule because it is not clear that judicial fact-finding "so *seriously* diminishe[s] accuracy as to produce an impermissibly large risk of injustice." Id. at 2535 (emphasis in original) (internal quotation marks omitted). Therefore, Ring does not have retroactive application. See id. at 2536. By that reasoning, Apprendi is not a watershed rule either. See United States v. Moss, 252 F.3d 993, 996 (8th Cir. 2001) (holding that Apprendi does not apply to initial § 2255 motions because it is not a watershed rule); Rodgers

v. United States, 229 F.3d 704, 705-06 (8th Cir. 2000) (holding that Apprendi does not apply retroactively to second or successive § 2255 motions unless Supreme Court first so holds). It follows, then, that the Blakely and Booker rule is also procedural, rather than substantive, and that it is not a watershed rule. Therefore, the court cannot vacate, set aside or correct defendant's conviction on Blakely or Booker grounds.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to vacate, set aside or correct sentence [Docket No. 93] is denied.

Dated: April 25, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court